UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNEDY SCOTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:12-CV-968-JAR |
| PATRICK R. DONAHOE, Postmaster General, and BERNARD FEDER, CEO AMERICAN POSTAL WORKERS UNION, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 10], Plaintiff's Motion to Remand [ECF No. 15], and Defendant's Motion to Dismiss Pursuant to Rule 41(b). [ECF No. 18] The motions are fully briefed and ready for disposition.

**Background**

Plaintiff brings the instant action against his employer, the United States Postal Service ("USPS"), and his union, the American Postal Workers Union, alleging breach of contract (Counts I and II), failure to hire and/or promote (Count III), per se negligence (Count IV), and breach of the duty of fair representation (Count V).[1] Specifically, Plaintiff alleges USPS discriminated against him by destroying his promotion test in breach of an employment contract, failing to promote him, and negligently failing to guarantee that he receive notice of an oral interview. (Complaint, Doc. No. 2, ¶¶ 4, 6, 27) Plaintiff further alleges USPS breached a

---

[1]This action was dismissed without prejudice as to Defendant Bernard Feder, CEO of the American Postal Workers Union, for lack of timely service.

contract involving an employee suggestion program ("eIDEAS") by failing to recognize or compensate him for an idea he submitted. (Id., ¶¶ 16-18)

On May 29, 2012, USPS removed the case to this Court. (Doc. No. 1) On October 4, 2012, USPS moved to dismiss under Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 10) On November 7, 2012, Plaintiff moved to remand the case to state court. (Doc. No. 15) Plaintiff was granted extensions of time to file a response to USPS's motion to dismiss (Doc. Nos. 13, 16), but did not respond. USPS filed his motion to dismiss pursuant to Rule 41(b) on December 18, 2012. On December 21, 2012, Plaintiff filed his Memorandum in Opposition to Motions to Dismiss and Alternative Motion for Leave to Amend. (Doc. No. 20)

**Motion to Remand**[2]

Upon consideration, the Court finds the case was properly removed. First, the Postmaster General, as a United States officer, may remove any "civil action . . . that is commenced in a State court and that is against or directed [against him] . . . to the district court of the United

---

[2]As a threshold matter, Plaintiff's motion fails to comply with E.D.Mo.L.R. 7-4.01, which requires a moving party to file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies. Plaintiff's motion is comprised of two sentences: "COMES NOW Counsel for Petitioner and respectfully moves this Honorable Court to remand the above-titled action to the court of origin. Your cooperation is greatly appreciated." (Doc. No. 15) There are no arguments and citations to any authorities included in the motion or an accompanying memorandum.

Plaintiff's motion is also untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). Because Defendant filed his Notice of Removal on May 29, 2012, Plaintiff's motion to remand had to be filed by June 28, 2012. However, Plaintiff's motion was not filed until November 7, 2012, more than 160 days after the Notice was filed.

States for the district and division embracing the place wherein it is pending . . . ." 28 U.S.C. § 1442(a). Specifically, the Postmaster General may remove a claim from State to federal court in which a plaintiff alleges employment discrimination. See Cummings v. U. S. Postal Service, 2009 WL 2383857 (E.D. Wis. July 31, 2009). (Doc. No. 21, p. 2)

In addition, under the Postal Reorganization Act, 39 U.S.C. § 409(a) ("PRA"), actions brought against the United States Postal Service in state courts may be removed to the federal courts. Continental Cable Vision v. U.S. Postal Service, 945 F.2d 1434, 1437 (8th Cir. 1991) ("Section 409(a) does create for the [USPS] an independent ground for removal from a state court to a federal court.") For these reasons Plaintiff's motion to remand will be denied.

**Motion to Dismiss**

In support of its motion, USPS first argues that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., provides the exclusive remedy for discrimination claims for federal employees such as Plaintiff. (Doc. No. 11, p. 5) USPS contends that Plaintiff's allegations that USPS discriminated against him convert his employment counts (Counts I, III and IV) into a Title VII claim. (Id., pp. 7-8) Because Plaintiff failed to timely exhaust his administrative remedies and challenge the final agency action in federal court, the Court lacks jurisdiction of his claims.[3] Brown v. Gen. Serv. Admin, 425 U.S. 820, 834 (1976); Harrell v. Donahoe, 638 F.3d 975, 983 (8th Cir. 2011).

Alternatively, USPS argues that even if Count I and Count IV cannot be construed to allege discrimination based on race, the Court still lacks jurisdiction. (Doc. No. 11, p. 10) Count

---

[3] Under Title VII, Plaintiff was required to contact the Equal Employment Opportunity (EEO) office within 45 days of the alleged discrimination and challenge the final agency action no less than 90 days after receiving it. (Id., pp. 8-9) Plaintiff contact the EEO 55 days after the alleged discrimination, and filed suit almost 440 days after the final agency action. (Id., pp. 2-3)

I fails because as an appointed employee, Plaintiff cannot maintain an action for breach of employment contract. O'Neal v. Donahoe, 802 F.Supp.2d 709 (E.D. Va. 2011). Under the PRA and the collective bargaining agreement between his union and the Postal Service, Plaintiff was provided access to grievance procedures for his claim. As an appointed employee, Plaintiff cannot supplement the federal protections afforded by Congress with a breach of employment contract claim. See Sisley v. Leyendecker, 260 F.3d 849, 851 (8th Cir. 2001). (Doc. No. 11, pp. 11-12)

With respect to Count IV, USPS states the Civil Service Reform Act (CSRA) and the PRA do not permit state law tort claims to supplement their comprehensive provisions and remedial procures. See Biermann v. United States, 67 F.Supp.2d 1057, 1062 (E.D. Mo. 1999) ("[F]ederal employees are barred from bringing claims against the government when the claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States. The Civil Service Reform Act provides such remedies to federal civil servants.") (Doc. No. 11, p. 12). Moreover, this comprehensive scheme "does not contain a statutory right to judicial review," such that the court lacks jurisdiction to review a plaintiff's tort claim. Biermann, 67 F.Supp.2d at 1062. (Doc. No. 11, p. 13)

Finally, with respect to Count II, USPS argues the PRA preempts employee suggestion program claims because they involve labor disputes outside the jurisdiction of the federal courts. Hill v. Potter, 2010 WL 4450405, at *5 (C.D. Cal. Oct. 29, 2010). (Doc. No. 11, p. 13)

In response, Plaintiff contends he has sufficiently alleged claims for breach of contract, failure to hire or promote and other causes and disputes that these claims fall under federal law. (Doc. No. 20, p. 4) Plaintiff further argues that USPS's preemption argument and other defenses

fail, citing United States v. Quick International Courier, Inc., 131 F.3d 770 (8th Cir. 1997), ostensibly as support for his position that the Postal Service is subject to tort claims. Quick was an action under the False Claims Act, 31 U.S.C. § 3729 (a)(7), brought by the United States, on behalf of the Postal Service, against a mail courier service engaged in a "remailing" scheme. Quick transferred bulk mail from the United States to Barbados and then remailed it to the United States to take advantage of the discounted rates the USPS charged the Barbadian postal service. Id. at 772. Quick counterclaimed against the Postal Service, alleging unfair competition in violation of the Lanham Act. Id. The district court granted summary judgment to the government on the Lanham Act claim. The Eighth Circuit reversed, holding the PRA waived the Postal Service's sovereign immunity with respect to claims against the Postal Service under the Lanham Act. Id. at 775. USPS replies that Plaintiff's reliance on Quick is misplaced because the mail courier service was not an appointed federal employee. (Reply Memorandum, Doc. No. 21, p. 4)

Finally, Plaintiff requests the Court grant him leave to amend his complaint to cure any pleading deficiencies. The Court should freely give leave to amend pleadings when justice so requires. Fed.R.Civ.P. 15(a)(2). "[D]enial of leave to amend a pleading is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *1 (E.D.Mo., Nov. 7, 2011) (quoting Roberson v. Hayti Police Dept., 241 F.3d 992, 995 (8th Cir.2001)). Upon consideration, the Court finds that at this stage of the proceedings, USPS would not be unduly prejudiced by granting Plaintiff leave to amend its complaint in an attempt to cure the deficiencies identified by USPS, particularly since a case management order has not yet been

5

entered in this case.

**Motion to Dismiss Pursuant to Rule 41(b)**

USPS argues Plaintiff's complaint should be dismissed for failure to prosecute his claims and comply with this Court's orders. (Memorandum in Support, Doc. No. 19) Specifically, USPS complains of Plaintiff's failure to timely respond to its pending motion to dismiss. After requesting additional time to respond, Plaintiff did not respond to USPS's motion and instead moved to remand the case to state court. Plaintiff responds that he was waiting for the Court to rule on his motion to remand and that USPS has suffered no prejudice by any delay in filing his response. (Doc. No. 20, p. 5)

"A district court may, in its discretion, dismiss an action pursuant to Fed.R.Civ.P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules or] a court order.'" Whitehead v. Garrett, 2011 WL 3607074, at * 1 (E.D. Mo. Aug. 12, 2011) (quoting Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir.2008)). However, dismissal of an action with prejudice is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Id. (quoting Smith, 526 F.3d at 405). Upon review of the record, the Court cannot conclude that Plaintiff's conduct was so "willful or egregious" to warrant dismissal of his case. Cf. Rodgers v. The Curators of the Univ. of Mo., 135 F.3d 1216, 1218 (8th Cir.1998) (affirming dismissal with prejudice of plaintiff's complaint when plaintiff failed to appear at two court-ordered depositions, disregarded court orders to produce documents, and violated a court order prohibiting him from terminating his counsel).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [15] is **DENIE**D.

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss [10, 18] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint within twenty (20) days from the date of this Order. Failure to comply with this Court's Order will result in the dismissal of Plaintiff's action.

Dated this 8th day of February, 2013.

                                                              JOHN A. ROSS
                                                              UNITED STATES DISTRICT JUDGE