UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNEDY SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-968-JAR |
| ) | |
| PATRICK R. DONAHOE, Postmaster ) | |
| General, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration [ECF No. 26] and Defendant's renewed Motion to Dismiss. [ECF No. 27]

**I. Background**

Plaintiff filed this action against his employer, the United States Postal Service ("USPS"), and his union, by naming Bernard Feder, CEO of the American Postal Workers Union, in state court alleging breach of contract (Counts I and II), failure to hire and/or promote (Count III), per se negligence (Count IV), and breach of the duty of fair representation (Count V). On May 29, 2012, USPS removed the case to this Court and on October 4, 2012, moved to dismiss under Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. On its review of the record, the Court noted the file contained no proof of service on, or entry of appearance on behalf of Defendant Feder. On October 29, 2012, the Court ordered Plaintiff to show cause why this action should not be dismissed as to Defendant Feder. Plaintiff did not respond to the Court's order.

On November 7, 2012, Plaintiff moved to remand the case to state court. On February 8,

2013, the Court determined the case was properly removed and denied Plaintiff's motion. (Doc. No. 22) The Court denied Defendant's motion to dismiss without prejudice and granted Plaintiff an additional twenty days to file an amended complaint. (Id.) The Court also ordered this action dismissed without prejudice as to Defendant Feder for lack of timely service. (Doc. No. 23) On February 27, 2013, the Court on Plaintiff's motion granted Plaintiff an additional seven days to file an amended complaint. (Doc. No. 25)

Instead of filing an amended complaint, Plaintiff filed the instant motion for reconsideration, asking the Court to reconsider its Orders dated February 8, 2013 denying his motion to remand and dismissing the Postal Union as a party defendant. In response, Defendant renewed his motion to dismiss. Plaintiff then filed a pleading captioned "Proof of Exhaustion of Administrative Remedies" requesting the Court deny Defendant's motion to dismiss, remand the action to state court, or in the alternative, grant him leave to amend his complaint. (Doc. No. 29) Defendant filed a response in opposition to Plaintiff's Proof of Exhaustion of Administrative Remedies. (Doc. No. 30)

**II. Discussion**

**A. Plaintiff's motion for reconsideration**

In support of his motion, Plaintiff first argues the case must be remanded because his action does not present a federal question. (Doc. No. 26, p. 6) Pursuant to 28 U.S.C. § 1442(a), the Postmaster General, as a United States officer, may remove any "civil action . . . that is commenced in a State court and that is against or directed [against him] . . . to the district court of the United States for the district and division embracing the place wherein it is pending . . . ." Moreover, under the Postal Reorganization Act, 39 U.S.C. § 409(a) ("PRA"), actions brought

2

against the United States Postal Service in state courts may be removed to the federal courts. Continental Cable Vision v. U.S. Postal Service, 945 F.2d 1434, 1437 (8th Cir. 1991). The Court finds no error in its ruling that this case was properly removed.

In addition, Plaintiff contends that federal law does not preempt his claims, citing United States v. Quick International Courier, Inc., 131 F.3d 770 (8th Cir. 1997). Quick was an action under the False Claims Act, 31 U.S.C. § 3729 (a)(7), brought by the United States against a mail courier service. The case did not involve an appointed federal employee. For this reason, Plaintiff's reliance on Quick is misplaced.

In further support of his motion, Plaintiff argues the Court erred in concluding that the Postal Union was not properly joined as a party, and cites the federal rule relating to compulsory joinder, Fed.R.Civ.P. 19. (Doc. No. 26, p. 7) The Court did not address the issue of joinder in its previous order. Feder was dismissed as a party after Plaintiff failed to respond to the Court's order to show cause why the action should not be dismissed as to Feder for lack of timely service. (Doc. No. 23)

Finally, Plaintiff contends this Court agreed with Defendant's position that any request for a jury trial by Plaintiff was forfeited upon removal. (Doc. No. 26, p. 8) The Court has carefully reviewed its decision and Defendant's briefing and finds that no such position was asserted by Defendant and no such ruling was made.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Williams v. U.S., 2005 WL 2063964, at *1 (E.D.Mo. Aug. 24, 2005) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.1988)). Because Plaintiff's motion does not set forth any manifest error of law or fact, or

3

present any newly discovered evidence, the Court finds that reconsideration of its previous decision is unwarranted and Plaintiff's motion for reconsideration will be denied.

**B. Defendant's renewed motion to dismiss**

In support of his renewed motion, Defendant again argues that Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., preempts Plaintiff's claims of racial discrimination (Counts I, III and IV). (Doc. No. 27, p. 1; Doc. No. 11, p. 5) Because Plaintiff failed to timely exhaust his administrative remedies and challenge the final agency action in federal court, the Court lacks jurisdiction of his claims. (Id.) Alternatively, Defendant argues that even if Count I and Count IV cannot be construed to allege discrimination based on race, Plaintiff's claims still fail because (i) Plaintiff, as an appointed employee, cannot maintain an action for breach of employment contract; and (ii) the PRA preempts negligence per se and does not provide a statutory right of review. (Id.; Doc. No. 11, pp. 11-12) Finally, Defendant argues the PRA also preempts Plaintiff's employee incentive program claims in Count II because they involve labor disputes outside the jurisdiction of the federal courts. (Id.; Doc. No. 11, p. 13)

Plaintiff has not responded to Defendant's motion with respect to these claims. Therefore, the Court finds Plaintiff has abandoned these claims. See Semi-Materials Co., Ltd. v MEMC Electronic Materials, Inc., 2011 WL 134078, at *4 (Jan. 10, 2011) (court construed plaintiff's failure to respond to argument raised in motion to exclude as abandonment of intent to introduce opinion). See also Culkin v. Walgreen Co., 2006 WL 839195, at *1 (E.D.Mo. Mar. 27, 2006) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion to dismiss); United States v. NHC Health Care Corp., 163 F.Supp.2d 1051, 1058-59 (W.D.Mo.2001) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion for summary judgment). Even if Plaintiff's claims were not abandoned,

4

however, they would fail on the merits. Under the PRA and the collective bargaining agreement between his union and the USPS, Plaintiff was provided access to grievance procedures for his claim. As an appointed employee, he cannot supplement the federal protections afforded by Congress with a claim for breach of employment contract. See Sisley v. Leyendecker, 260 F.3d 849, 851 (8th Cir. 2001). Moreover, the PRA preempts his claims for negligence per se and breach of an incentive program contract. Biermann v. United States, 67 F.Supp.2d 1057, 1062 (E.D. Mo. 1999); Hill v. Potter, 2010 WL 4450405, at *5 (C.D. Cal. Oct. 29, 2010).

In response to Defendant's renewed motion to dismiss, Plaintiff filed a Proof of Exhaustion of Administrative Remedies. (Doc. No. 29) None of the documents attached to Plaintiff's filing establishes that he exhausted his administrative remedies as to his discrimination claims against Defendant. At most, the documents demonstrate that Plaintiff contacted a USPS EEO counselor, which Defendant concedes. (Doc. No. 30, p. 2)

29 C.F.R. § 1614.105-110 describes in detail the procedure federal employees must follow in bringing an employment discrimination claim. No court has jurisdiction over a federal employee discrimination claim unless and until the plaintiff has fully exhausted his administrative remedies. Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003). See also 42 USC § 2000e-16(c). Specifically, a postal employee must initiate contact with the EEO counselor for the USPS within 45 days of an alleged discriminatory incident. 29 C.F.R. § 1614.105(a)(1). If dissatisfied with the result obtained with the help of the Counselor, the employee may, within certain time limits, file a formal complaint with the USPS. 29 C.F.R. § 1614.106. As a federal agency, the USPS has a duty to investigate the complaint, provide a hearing, and fulfill other administrative requirements. 29 C.F.R. § 1614.106-110. Once the agency has taken final action, the employee may appeal the decision to the EEOC, 29 C.F.R. §

5

1614.110, or alternatively, file a civil action in federal district court, within 90 days of receiving the final agency action. 42 U.S.C. 2000e-16(c).

Here, Plaintiff contacted the Equal Employment Opportunity (EEO) office on October 26, 2010. (Declaration of Stacy N. Beck ("Beck Decl."), Doc. No. 10-1, ¶ 3) He claimed he knew on September 1, 2010, that the USPS was allegedly promoting ineligible white employees. (Id., ¶ 4). The EEOC rejected Plaintiff's claim and provided him with his Notice of his Right to File an Individual Complaint on January 10, 2011. On January 24, 2011, Plaintiff filed his formal EEO complaint alleging that USPS promoted Mr. Martin Jamison, a white male, in June 2010 and July 2010, despite the fact that Jamison failed the same exam. (Id., ¶¶ 4, 6; Doc. No. 10-3). The EEO investigated Plaintiff's complaint and on February 9, 2011, issued its final agency action dismissing Plaintiff's complaint for failure to timely initiate contact with the EEO. (Id., ¶ 7; Doc. No. 10-4). The final agency action also notified Plaintiff that he needed to challenge the decision, if at all, by filing "a civil action in an appropriate U.S. District Court within 90 calendar days of [his] receipt of [the] decision." (Id.) Plaintiff received the final agency action on February 12, 2011. (Id.) Plaintiff never filed his action in federal court; rather, he sued in the City of St. Louis Circuit Court on April 27, 2012, almost 440 days after the agency's final agency action, and 437 days after he received the final agency action. Therefore, Plaintiff's discrimination claims are time-barred and will be dismissed for failure to timely exhaust his administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [26] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's renewed Motion to Dismiss [27] is

**GRANTED**. A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 16th day of April, 2013.

                                                   _____
                                                   JOHN A. ROSS
                                                   UNITED STATES DISTRICT JUDGE